[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15218
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 23, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-60042-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2011)

Before EDMONDSON, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Sanchez appeals from his 135-month sentence, imposed at the low end

of the guideline range after he pleaded guilty to attempting to distribute and

possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § § 841(a)(1) and 846 and 18 U.S.C. § 2. He presents two issues:

1. Whether the district court abused its discretion in denying Sanchez's motion to continue sentencing to allow him to pursue potential exculpatory material covered by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 104 (1972).

2. Whether Sanchez's guilty plea was not knowing, intelligent, and voluntary because it was entered into without knowledge of potential *Brady* and *Giglio* material.

A review of the record shows that the district court did not abuse its discretion in denying Sanchez's motion to continue sentencing (filed to investigate potential, but <u>speculative,</u> exculpatory *Brady* and *Giglio* material): Sanchez had admitted to the facts underlying the offense, including the essential elements, when he pleaded guilty. We see no specific substantial prejudice. The record also shows that Sanchez's guilty plea was knowing, intelligent, and voluntary. The plea complied with the requirements of Rule 11.

The conviction and sentence are affirmed.

AFFIRMED.